### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TRUSTEES OF THE NATIONAL ROOFING INDUSTRY PENSION FUND; (2) TRUSTEES OF THE NATIONAL ROOFERS UNION AND EMPLOYERS JOINT HEALTH & WELFARE FUND; and (3) TRUSTEES OF THE ROOFERS AND WATERPROOFERS RESEARCH AND EDUCATION JOINT TRUST FUND, | § § § § § § § § § | |
| Plaintiffs, | § | |
| vs. | § § | CIVIL ACTION NO. CIV-18-1039-HE |
| (1) SUZANNE HILL, Individually and d/b/a DOUGHERTY ROOFING COMPANY, LLC, and (2) DOUGHERTY ROOFING COMPANY, LLC, | § § § § § | |
| Defendants. | § § | |

### ORIGINAL COMPLAINT

COME NOW, the Board of Trustees of the National Roofing Industry Pension Fund, the Board of Trustees of the National Roofers Union and Employers Joint Health & Welfare Fund, and the Board of Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund (collectively "Plaintiffs" or "Funds"), complaining of and against Suzanne Hill, individually and doing business as Dougherty Roofing Company, LLC, and Dougherty Roofing Company, LLC (collectively "Defendants"), and file this Complaint and causes of action and respectfully show the Court as follows:

### NATURE OF THE ACTION

1.     This is a cause of action to secure performance by an employer for specific statutory and contractual obligations to submit payroll records for an audit to ensure

compliance with a collective bargaining agreement and based upon the requirements, rules and regulations of the respective Agreements and Declarations of Trust of each of the Plaintiffs' employee benefit plans; and to pay any deficient employer contributions, interest, liquidated damages, attorneys' fees, auditors' fees and costs of court, by Trustees of Plaintiffs' employee pension benefit plan and employee welfare benefit plans. This Complaint alleges that by failing, refusing or neglecting to submit to a payroll audit to determine compliance with the employer obligations of the Funds, to submit contributions reports and to pay deficient or delinquent employer contributions and interest thereon to the Funds, Defendants violated a Collective Bargaining Agreement, the Funds' Participation and Trust Agreements, and the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). Plaintiffs also request a preliminary injunction pursuant to Fed. R. Civ. P. 65 to require Defendants forthwith to submit to a payroll audit to ensure accurate and timely reporting of employer contributions to the Funds in order to prevent irreparable harm to the Funds and Defendants' employees and their dependents and beneficiaries.

## PARTIES

2.      **Plaintiff, Trustees of the National Roofing Industry Pension Fund** (the "Pension Fund"), is the Administrator of an employee pension benefit plan and employee benefit plan within the meaning of Sections 3(2) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(2) and (3) and 1132(d)(1)]. The Pension Fund is a multi-employer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Board of Trustees of the Pension Fund is authorized to maintain

suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Pension Fund is to provide pension benefits to eligible participants on whose behalf employers contribute pursuant to the Collective Bargaining Agreements with the Union of Roofers, Waterproofers and Allied Workers Local 123. The Pension Fund maintains its office and is administered in Bloomington, Minnesota.

3.      **Plaintiff, Trustees of the National Roofers Union and Employers Joint Health & Welfare Fund** (the "Health & Welfare Fund"), are fiduciaries of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)], and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C. Sections 1002(37) and 1145]. The Health & Welfare Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Health & Welfare Fund is to provide health and welfare benefits to eligible participants and their dependents on whose behalf employers contribute pursuant to the Collective Bargaining Agreement with the Union of Roofers, Waterproofers and Allied Workers Local 123. The Health & Welfare Fund maintains its administrative office in Bloomington, Minnesota.

4.      **Plaintiff, Trustees of the Roofers and Waterproofers Research and Education Joint Trust Fund** (the "Education Fund"), are fiduciaries of an employee welfare benefit plan and employee benefit plan within the meaning of Sections 3(1) and (3) and 502(d)(1) of ERISA [29 U.S.C. Sections 1002(1) and (3) and 1132(d)(1)] and is a multiemployer plan within the meaning of Sections 3(37) and 515 of ERISA [29 U.S.C.

Sections 1002(37) and 1145]. The Education Fund is authorized to maintain suit as an independent legal entity under ERISA Section 502(d)(1) [29 U.S.C. Section 1132(d)(1)]. The purpose of the Education Fund is to provide apprenticeship, training, and journeyman upgrading to eligible participants on whose behalf employers contribute under the Collective Bargaining Agreement with the Union of Roofers, Waterproofers and Allied Workers Local 123. The Education Fund maintains its administrative office in Washington, D.C.

5.   **Defendant, Suzanne Hill, individually and d/b/a Dougherty Roofing Company, LLC** ("Hill"), is an individual residing in Edmond, Oklahoma, who was, at all relevant times, doing business within the jurisdiction of Plaintiffs' Funds. Defendant Hill is, and was, at all relevant times, the member and manager of Defendant Dougherty Roofing Company, LLC. Defendant Hill is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act.

6.   **Defendant, Dougherty Roofing Company, LLC** ("Dougherty Roofing"), was, at all relevant times, a limited liability company organized under the laws of the State of Texas, doing business within the jurisdiction of Plaintiffs' Funds. In 2017, Dougherty Roofing forfeited its charter and right to do business in the State of Texas due to a franchise tax forfeiture or an administrative forfeiture by Texas Secretary of State. Dougherty Roofing is an employer within the contemplation of Sections 3(5) and 515 of ERISA [29 U.S.C. Sections 1002(5) and 1145] and Section 301 of the Act.

## JURISDICTION

7.     Jurisdiction over this matter lies in this Court by the express terms of Sections 404, 502 and 515 of ERISA [29 U.S.C. Sections 1104, 1132 and 1145], as amended, and by the Multi-Employer Pension Plan Amendments Act of 1980, 94 Stat. 1208, [29 U.S.C. Sections 1104, 1132, 1145 and 1451]. Jurisdiction over this matter is further conferred upon this Court pursuant to 28 U.S.C. Section 1331 based upon a federal question. Jurisdiction over this matter is further conferred upon this Court pursuant to 28 U.S.C. Section 1337 based upon civil actions arising under Act of Congress regulating commerce.

8.     Jurisdiction over Defendant Hill is conferred upon this Court pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)], which authorizes nationwide service of process in any district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2); *see also Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). Defendant Hill may be served with process at her current place of residence, 2526 Bobwhite Trail, Edmond, Oklahoma 73025.

9.     Jurisdiction over Defendant Dougherty Roofing is conferred upon this Court pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)], which authorizes nationwide service of process in any district where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2); *see also Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 (10th Cir. 2000). Defendant Dougherty Roofing may be found and served with process at 2526 Bobwhite Trail, Edmond, Oklahoma 73025, by serving Suzanne Hill, Dougherty Roofing's registered agent, member, manager and officer.

## VENUE

10.    Pursuant to Section 502(e)(2) of ERISA, [29 U.S.C. Section 1132(e)(2)], which states that an action may be brought in the district where a defendant resides or may be found, venue properly lies within the Western District of Oklahoma. Defendant Hill resides in the Western District of Oklahoma. Defendant Dougherty Roofing resides and may be found in the Western District of Oklahoma. 28 U.S.C. 1391(c)(2).

## FACTS

11.    Defendant Dougherty Roofing executed and delivered to the Union of Roofers, Waterproofers and Allied Workers Local 123 a written Collective Bargaining Agreement, which provides, *inter alia*, for wages, benefits, and working conditions. It sets forth the obligations of Defendants to comply with the established Plaintiffs' Pension, Health and Welfare and Education Funds wherein Defendants promised to comply with the terms and conditions as set forth therein. The Collective Bargaining Agreement negotiated between the Defendants and Local Union No. 123 provides for certain monetary contributions being paid into the Plaintiffs' Pension, Health and Welfare, and Education Funds and is more specifically set forth in the respective Agreements and Declarations of Trust and all amendments thereto.

12.    The Funds named herein are express trusts created under Restated Agreements and Declarations of Trust between the United Union of Roofers, Waterproofers & Allied Workers and certain Employers in the Industry over which the International Union claims jurisdiction and who are obligated to make contributions to Plaintiffs' Funds under the terms of the Collective Bargaining Agreements.

13.     The Restated Agreements and Declarations of Trust provide for an audit to be made of the payroll records of an employer in connection with the contributions and reports that are to be made by the employer, at the discretion of the Trustees at any reasonable time in which the full cost of such audit will be borne by the Plan unless a deficiency is discovered, in which case the audit examination will be paid for by the employer.

**FIRST COUNT**
**ERISA VIOLATIONS AND BREACH OF CONTRACT**

14.     Defendants breached the above-mentioned and referenced agreements by refusing to comply adequately with the terms and provisions of those agreements, which authorized an audit to be made by Plaintiffs of Defendants' payroll records.

15.     That at all times mentioned herein, it was, and now is, impracticable and extremely difficult to establish the amount of actual damages to Plaintiffs as the result of nonpayment of contributions.  The amount agreed upon herein, as hereinbefore alleged, as and for liquidated damages, represented and now represent a reasonable endeavor to ascertain and compensate for the damages caused to Plaintiffs by the nonpayment of employer contributions.

16.     That Defendants may have breached their agreement with Plaintiffs by failing to make requisite payments of monthly employer contributions to Plaintiffs' Funds, such breach is believed to have occurred beginning in or about January 2017 and continuing through the term of this Complaint ("Delinquency Period").  In order to adequately determine the amount of contributions due and owing the Plaintiffs' Funds, an

audit of Defendants' payroll records is necessary. That in accordance with the exercise of their fiduciary duties required by federal statutory and state common law, the Trustees requested Defendants to comply with the reporting and payment of employer contributions for the Delinquency Period in order to ascertain if Defendants' employees are being properly reported and contributions paid in accord with the above-referred agreements. Defendants failed to respond adequately to requests or demands.

17.     That Plaintiffs have no complete and adequate remedy at law to correct the breach of the Collective Bargaining Agreement by Defendants and there is no other adequate method by which Plaintiffs can ascertain whether Defendants are properly and in good faith paying all of those sums of money due to Plaintiffs under the terms of the aforementioned agreements, other than by an audit entry to inspect and copy all relevant compensation records in order to perform a complete audit.

18.     Plaintiffs respectfully request that this Court enter an Order allowing Plaintiffs to conduct an audit of Defendants' books and records, and any other records necessary for an adequate determination of proper payment, by an auditor to be selected by Plaintiffs.

19.     Further, Plaintiffs respectfully request that this Court order Defendants to pay to Plaintiffs a sum of money equal to the reasonable fee of the independent "reputable" Certified Public Accounting firm that will be conducting the payroll audit examination.

20.     Plaintiffs respectfully request that this Court enter an Order allowing Plaintiffs to recover the full amount due and owing Plaintiffs' Funds under the

abovementioned payroll audit examination.

21.    That under the agreement as referred to herein above and under ERISA Section 502(g)(2) [29 U.S.C. Section 1132(g)(2)], Plaintiffs are additionally entitled to reasonable interest on the unpaid contributions at a rate established by the Trustees from time to time on a non-discriminatory basis; and an amount equal to the greater of the interest assessed or liquidated damages in an amount not in excess 20% of the aggregate of principal and accrued interest upon the date of payment to Plaintiffs.

## SECOND COUNT
## BREACH OF FIDUCIARY RESPONSIBILITY

22.    As an officer, member, and manager of Dougherty Roofing, Defendant Hill voluntarily entered into the Collective Bargaining Agreement with the Union of Roofers, Waterproofers and Allied Workers Local 123. As such, Defendant Hill obligated Defendant Dougherty Roofing to make deductions from the employees' paychecks to cover certain payments to the Plaintiffs' Funds and forward the monies to the Plaintiffs' Funds, along with the employer portion of the monies due under the contract and the trust agreements calculated on a per hour basis. Defendant Hill failed to cause Defendant Dougherty Roofing to comply with the Collective Bargaining Agreement and Trust Agreements by failing to forward those funds to the Plaintiffs for the Delinquency Period.

23.    Defendant Hill deducted the amounts owed in contributions from the employee paychecks and intermittently forwarded monthly remittance forms, calculating the employer's portion of the monies due to the Plaintiffs' Funds, yet failed to remit those amounts to the Plaintiffs' Funds. Upon information and belief, those amounts were

deposited into Dougherty Roofing's general accounts and used for purposes other than payment of the employees' benefit contributions.

24.     Defendant Hill knew that Defendant Dougherty Roofing entered into the Collective Bargaining Agreement and that contributions were deducted from the employees' paychecks and that the employer's portion of the contributions had to be made to Plaintiffs. Defendant Hill knew that Defendant Dougherty Roofing was obligated to periodically turn these amounts over to the Plaintiffs' Funds.

25.     The contributions due the Plaintiffs' Funds were plan assets governed by ERISA. 29 C.F.R. Section 2510.3-102(a).

26.     Defendant Hill is a fiduciary to the Plaintiffs' Funds based on the fact that she commingled plan assets with Dougherty Roofing's general assets and used those funds to pay other creditors. Defendant Hill exercised authority or control respecting disposition of plan assets. Thus, Defendant Hill is a fiduciary under ERISA Section 3(21)(A) by the fact that she "exercised authority or control respecting disposition of plan assets." 29 U.S.C. Section 1002(21)(A).

27.     Defendant Hill failed to remit contributions to Plaintiffs on behalf of her and her company's employees. Therefore, Defendant Hill is personally liable for breach of her fiduciary duty pursuant to 29 U.S.C. Section 1109(a).

## THIRD COUNT
## CLAIM FOR INJUNCTIVE RELIEF

28.     By failing, neglecting or refusing to submit required contributions and reports to Plaintiffs, Defendants violated Section 515 of ERISA [29 U.S.C. Section 1145]

as well as the Pension Fund's Participation Agreement and Agreements and Declarations of Trust, which are enforceable under Section 502(a)(3) of ERISA [29 U.S.C. Section 1132(a)(3)].

29.    Plaintiffs' Pension Fund depends on receipt of current employer contributions in order to meet or exceed its actuarial evaluations while investing such sums with money managers for the sole and exclusive benefit of the Plan's participants and beneficiaries.  Without such contributions, the Plan suffers the loss of principal and accrued interest income that has a direct impact upon the soundness of the Pension Fund. As a defined benefit plan, only strict compliance with the contribution requirements of the employers will enable the Pension Fund to meet its actuarial assumptions to provide the plan participants and their beneficiaries with pension income relied upon over the years of faithful service.  The loss of this expected income has caused, and will continue to cause, the Pension Plan irreparable harm.

30.    The Health and Welfare Fund depends on receipt of current employer contributions and investment income thereon to meet their premium obligations under the Plans.  The Health and Welfare Fund expected and relied on receipt of contributions from Defendants in undertaking financial commitments, including the obligation to pay benefits to Defendants' employees and their dependents and other Plan participants and dependents not working for Defendants but working for other employers within the Plans.  The loss of this expected income has caused the Health & Welfare Benefit Funds irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress.

31.     The Education Fund depends on receipt of current employer contributions and investment income thereon to provide apprenticeship training and journeyman upgrading to roofing professionals to meet their required certifications and training necessary for a safe and successful career.  The Education Fund expected and relied on receipt of contributions from Defendants in undertaking financial commitments, including the obligation to pay for instructors, educational material, rent for classrooms and other expenses.  The loss of this expected income has caused the Education Fund irreparable harm in that it has used up reserves, foregone investment income, and otherwise suffered financial distress due to inability to train apprentices and journeymen roofers.

32.     The respective Boards of Trustees have been reluctant to cut off the benefits to Defendants' innocent employees, who are Plan participants, and their dependents, in consideration of the distress such action would cause them and their families, and of the promises of imminent payment by Defendants.  However, the Funds can no longer afford to continue providing benefit coverage to Defendants' employees and dependents without receipt of all due contributions and the Boards of Trustees will be compelled to terminate benefits if the Court does not grant preliminary relief.

33.     There exist no prompt or adequate remedies at law to redress the violation of ERISA as set forth herein above.

34.     It has been necessary for Plaintiffs to engage the law firm of Conner & Winters, LLP for the purpose of recovering the contributions and damages required by the above-referenced agreements and seeking injunctive relief, and Plaintiffs are entitled

to actual attorney's fees in connection therewith.  In conformity with Section 502(g)(2) of ERISA (as amended 1980 [29 U.S.C. Section 1132(g)(2)]) for the enforcement of ERISA Section 515 (29 U.S.C. Section 1145), the Court, in which the judgment in favor of the Trust is rendered, shall award the unpaid contributions, interest, attorney's fees, liquidated damages and costs of court and, in accord with the law, Plaintiffs seek and demand payment thereof.

35.     Plaintiffs have performed all conditions precedent on their part to be performed under the terms of the aforementioned agreements.

36.     A true and correct copy of this Original Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by law, ERISA Section 502(h), 29 U.S.C. Section 1132(h).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited, in terms of law, to appear and answer herein and upon final hearing hereof, Plaintiffs have judgment of and against Defendants, individually, jointly and severally, as follows:

a.     That an Order enforcing Plaintiffs' payroll audit rights of Defendants' payroll records for the period January 1, 2014 through the effective date of termination of Defendants' Collective Bargaining Agreement;

b.     That Plaintiffs recover of and against Defendants the full amount due and owing Plaintiffs' Funds under the payroll audit;

c.     That Plaintiffs be awarded accrued pre-judgment interest on all contributions at the rate of one and one-half percent (1½%) per month in accordance with ERISA Section 502(g)(2) and the Collective Bargaining Agreement;

d.  That Plaintiffs be awarded liquidated damages on all employer contributions now due and which accrued during the pendency of this action in accordance with ERISA Section 502(g)(2) and the Trusts Agreements, in an amount not to exceed 20% of the contributions due;

e.  That a preliminary injunction be ordered against Defendants, requiring submission of all employer contributions and delinquent employer contributions now due to the National Roofing Industry Pension Fund, the National Roofers Union and Employers Joint Health & Welfare Fund, and the Roofers Research and Education Trust immediately;

f.  That Plaintiffs be awarded reasonable attorney's fees in accordance with ERISA Section 502(g)(2);

g.  That Plaintiffs be awarded actual payroll audit fees;

h.  That Plaintiffs be awarded all costs of Court incurred herein; and

i.  That Plaintiffs be awarded such other and further relief as the Court deems just.

Respectfully submitted,

/s/ Heidi M. Nichols

Heidi M. Nichols, OBA #20294
Valerie V. Hatami, OBA #32422
**CONNER & WINTERS, LLP**
1700 One Leadership Square
211 N. Robinson Avenue
Oklahoma City, OK 73102
Telephone: (405) 272-5711
Facsimile: (405) 232-2695
Email:  hnichols@cwlaw.com
        vhatami@cwlaw.com

***Attorneys for Plaintiffs***